IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BENNY LYNN ISOM, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:16CV853 |
| v. | ) 1:03CR241-1 |
| | ) 1:03CR242-1 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Benny Lynn Isom, a federal prisoner, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket Entry 141.)[1] In case 1:03CR241-1, Petitioner was found guilty of one count of bank robbery in violation of 18 U.S.C. § 2113(a), one count of bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d), and one count of carrying and using by brandishing a firearm during a crime of violence (bank robbery) in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Docket Entry 68.) He was convicted of an identical set of counts in case 1:03CR242-1. (1:03CR242-1, Docket Entry 65.) Petitioner was sentenced to a total of 659 months of imprisonment.

Specifically, Petitioner was sentenced to 275 months of imprisonment as a career offender under then-mandatory United States Sentencing Guidelines § 4B1.1 for his bank robbery convictions and a consecutive seven years of imprisonment for his conviction under § 924(c)(1)(A)(ii) in case 1:03CR241-1. (*See* Docket Entry 68; Docket Entry 137, ¶ 41.)

---

[1] Parenthetical citations refer to the above-referenced criminal case bearing the number 1:03CR241-1, unless otherwise noted.

Petitioner's classification as a career offender was based on prior South Carolina convictions for three counts of armed robbery and two counts of strong armed robbery. (*Id.*) In case 1:03CR242-1, Petitioner received a concurrent 275 months of imprisonment for the bank robbery convictions, as well as a consecutive sentence of 25 years for the conviction under § 924(c)(1)(A)(ii). (1:03CR242-1, Docket Entry 65.)

Petitioner appealed, but his direct appeal ended unsuccessfully on January 9, 2006 when the United States Supreme Court denied certiorari in his case. *Isom v. United States*, 546 U.S. 1124 (2006). Petitioner thereafter pursued relief in both of his cases through a motion under § 2255 filed in case 1:06CV1005, but was again unsuccessful. (Docket Entries 117, 118.) Petitioner filed the instant Section 2255 Motion on May 26, 2016, after receiving authorization from the Fourth Circuit to file a second or successive Section 2255 Motion in case 1:03CR241-1. (*See* Docket Entries 140 and 141.) Petitioner's Section 2255 Motion challenges his classification as a career offender based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). (Docket Entry 141, ¶ 12.) It also challenges his Section 924(c) convictions by arguing that his convictions for armed bank robbery are not crimes of violence after *Johnson*. (*See id.*) After Petitioner filed his Motion, he filed a "Letter Motion" (1:03CR241-1, Docket Entry 143; 1:03CR242-1, Docket Entry 137) requesting grand jury minutes and various transcripts to support his *Johnson* claim.

The Court then stayed his case pending the Supreme Court's decision in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017). (*See* Text Order dated Sept. 14, 2016.) That case has since been decided and the stay was lifted. (Docket Entry 146.) Prior to the stay being

lifted, on May 26, 2017, Petitioner filed an Amended Motion (Docket Entry 145), challenging his Section 924(c) conviction based upon *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016) and *Sessions v. Dimaya*, ___ U.S. ___, 138 S. Ct. 1204 (2018), and claiming that his attorney failed to advise him that he faced a consecutive 25 year sentence for the second count under Section 924(c).

The Government, in turn, filed a Motion to Dismiss (Docket Entry 148), in which it contends that (1) Petitioner's claim under *Johnson* should be dismissed because, under *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), *Johnson* does not extend to the mandatory guidelines and (2) that Petitioner's claim is untimely. (*Id.* at 2.) The Government also argues that, even if considered on the merits, Petitioner's two prior convictions for strong armed robbery are still considered valid predicates in support of the career offender enhancement under *United States v. Doctor*, 842 F.3d 306, 312 (4th Cir. 2016). (*Id.*) The Government also opposes Petitioner's Amended Motion on the grounds that it is untimely, that *Mathis* does not apply retroactively on collateral review, that *Dimaya* is inapplicable here, and that the Fourth Circuit did not give Petitioner permission to file a second or successive Motion as to case number 1:03CR242-1. (*Id.* at 3-4.) Finally, Petitioner filed a Motion for Continuance (Docket Entry 151) seeking a 60-day continuance because his prison was under lockdown and so that he could consult with his attorney and present his guilty plea and plea bargain.

## Discussion

As an initial matter, because Petitioner previously filed a Section 2255 Motion challenging his convictions and sentences, Petitioner was required to receive authorization

3

from the United States Court of Appeals for the Fourth Circuit before this Court could have jurisdiction to consider his current claims. *See* 28 U.S.C. § 2255 and 28 U.S.C. § 2244(b)(3)(A). He received that authorization in case 1:03CR241-1 (Docket Entry 140), but was denied authorization in case 1:03CR242-1 (1:03CR242-1, Docket Entry 136). Therefore, the Court will address only Petitioner's Section 2255 claims in 1:03CR241-1 and not in case 1:03CR242-1. As for his Amended Motion, the *Mathis* and *Dimaya* claims raised in it as to his Section 924(c) conviction in case 1:03CR241-1 are related to claims raised in the attachment to the Section 2255 Motion authorized by the Fourth Circuit. Therefore, the Court will consider those claims. As for any challenge to Petitioner's Section 924(c) conviction in case 1:03CR242-1 or his attorney's handling of that conviction, the Fourth Circuit did not authorize any claims as to that case and the Court does not have jurisdiction to consider them. Petitioner must seek authorization in order to have those claims considered and they should be dismissed without prejudice to him seeking that authorization.[2]

Additionally, Petitioner's Motions seeking transcripts and a continuance will be denied. The letter docketed as a Motion seeking transcripts actually appears to be an inquiry by Petitioner as to the cost of those transcripts rather than an attempt to have copies produced to him free of charge. Some of the transcripts he lists do not exist. To the extent that they do, the Clerk could calculate and advise him of the costs. However, the Court notes that Petitioner seeks the transcripts because he believes they will somehow help him pursue his

---

[2] If the Court could consider Petitioner's *Johnson*, *Dimaya*, and *Mathis* arguments in case number 1:03CR242-1, it would find that they warrant no relief for the same reasons those arguments warrant no relief in case number 1:03CR241-1.

4

pending claims under Section 2255 and that he needs them for that purpose. This is incorrect for two reasons. First, any issues related to Petitioner's claims can be determined using documents other than the listed transcripts. Second, to the extent that the listed transcripts exist, they are already in the record and can be considered by the Court. For the reasons discussed, the Court will deny the pending Motion to any extent that Petitioner may be seeking copies of transcripts free of cost. In the more likely event that he is simply asking the cost of the listed transcripts, the Court will not have the Clerk calculate that cost at this time given the lack of any need for the listed transcripts. Petitioner may renew his request if he believes it is necessary.

As for the Motion seeking a continuance, Petitioner filed that Motion about a year ago. This means that the requested sixty-day delay period passed long ago. This moots the Motion and no further reason for delay is apparent. Finally, despite the fact that the Fourth Circuit authorized only Petitioner's challenge to his convictions and sentences in 1:03CR241-1, there are multiple pending motions in case 1:03CR242-1 related to Petitioner's Section 2255 Motion (*see* 1:03CR242-1, Docket Entries 137, 139, 141). Because the Court does not have jurisdiction to hear claims related to that case, those filings should be administratively terminated. Also, a Text Order was entered in that case on September 14, 2016 staying that case in light of *Beckles*. (1:03CR242-1, Sept. 14, 2016 Text Order.) The stay has not been lifted. The Order appears to have been entered in error given that no Section 2255 or other challenge was pending as to 1:03CR242-1. However, the Court will now lift the stay in any event.

5

Turning now to the claims raised by Petitioner in his Section 2255 challenge to case 1:03CR241-1, his challenge to his career offender enhancement is barred by the applicable statute of limitations.[3] "A 1-year period of limitation shall apply to a motion under [ ] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

---

[3] Petitioner also asserts in passing that he was "given an additional three points for a prior conviction that was 'VACATED' by the Honorable Judge Victor A. Rawl in Charleston South Carolina" and so this conviction "should not have been used as a qualifying predicate for Career Offender purposes." (Docket Entry 141 at 6.) Petitioner fails to identify what conviction he is referencing, when the conviction was allegedly vacated, or why the vacation of the unknown conviction would be material. To the extent this is a claim, and to the extent it is not already time-barred, it fails for being vague, conclusory, and unsupported. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). Moreover, Petitioner has an extensive criminal history, including multiple convictions for felony armed robbery and felon strong-armed robbery. (Docket Entry 137, ¶¶ 41, 48, 51-53.) Consequently, there is no reason to believe the vacation of a single conviction would have been material to Petitioner's sentencing as a career offender.

6

Under Subparagraph (1) of Subsection 2255(f), Petitioner's conviction became final and his collateral filing time began to run on or about January 9, 2006, after Petitioner's petition for a writ of certiorari was denied on direct appeal by the United States Supreme Court. *Clay v. United States*, 537 U.S. 522, 527 ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a writ of certiorari petition expires."); *see Isom v. United States*, 546 U.S. 1124 (2006). The one-year limitations period then expired on or about January 9, 2007. Petitioner submitted his current Section 2255 Motion on May 26, 2016, more than nine years later. It is well out of time under Subparagraph (1) and Petitioner must rely on another provision to avoid having his Motion barred by the statute of limitations.

Paragraph eighteen in Petitioner's Section 2255 Motion is entitled "TIMELINESS OF MOTION." (Docket Entry 141, ¶ 18.) It instructs that, "[i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations . . . does not bar your motion." (*Id.*) Petitioner does not contend that Subparagraphs (2) or (4) of Subsection 2255(f) apply (or that equitable tolling renders his claim timely), but instead argues that Subparagraph (3) applies because his "2255 Petition is the only vehicle available to use when the claim involves 'a new rule of constitutional law' made retroactive to cases on collateral review by the Supreme Court of the United States that was previously unavailable." (*Id.* (standard capitalization applied).) Petitioner appears to be referring to the Supreme Court's decision in *Johnson*, which was unavailable to him before. (*Id.*,

7

¶ 13 ("Only ground one was not presented, because the 'new rule of law' in . . . *Johnson* was not available at the initial filing of my first 2255 Motion.") (standard capitalization applied).)

*Johnson* does not provide a basis under Paragraph (3) of Subsection 2225(f) for Petitioner to attack his Sentencing Guidelines calculation. As the Fourth Circuit recently explained in addressing a Guidelines challenge based on *Johnson*:

> [O]nly the Supreme Court can recognize a new right under § 2255(f)(3). Consequently, to find [the p]etitioner's motion timely, we must conclude that it relies on a right "recognized" in *Johnson* or another more recent Supreme Court case. . . .

. . . .

> While *Johnson* did announce a retroactively applicable right, *Johnson* dealt with *only* the residual clause of the [Armed Career Criminal Act, 18 U.S.C. § 924(e)]—a federal enhancement statute. . . .

. . . .

> Likewise, *Beckles* only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. . . . Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by [the p]etitioner. We hold that [the p]etitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that [vagueness challenges do not apply to the advisory Guidelines].

*United States v. Brown*, 868 F.3d 297, 301–03 (4th Cir. 2017) (emphasis added) (internal citations and emphasis omitted), *cert. denied*, ___ U.S. ___, 2018 WL 2877128 (2018); *see also id.* at 299 ("[W]e are constrained . . . from extrapolating beyond the Supreme Court's holding [in *Johnson*] to apply what we view as its 'reasoning and principles' to different facts under a different

statute or sentencing regime. We are thus compelled to affirm the dismissal of [the p]etitioner's motion as untimely under 28 U.S.C. § 2255(f)(3)."), 304 ("We are constrained from reading between the lines of [Supreme Court decisions] to create a right that the Supreme Court has yet to recognize. We are compelled to affirm [the dismissal of this motion under Section 2255] because only the Supreme Court can recognize the right which would render [the p]etitioner's motion timely under § 2255(f)(3)."). Based on the above analysis and the holding in *Brown*, Petitioner's challenge to his career offender enhancement is untimely and should be dismissed as such.

As for Petitioner's challenge to his Section 924(c) conviction, this claim also fails. Petitioner contends that *Johnson*, *Mathis*, and *Dimaya* provide him relief because his armed bank robbery conviction no longer counts as a predicate "crime of violence" which will support that conviction. Litigation remains pending concerning the potential effects of *Johnson* and *Dimaya* on convictions under Section 924(c). However, to the extent that they might affect some such convictions, Petitioner's claim still fails. This is because *Johnson* limited the Armed Career Criminal Act, 18 U.S.C. § 924(e), by invalidating as unconstitutionally vague its "residual clause," which defined "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 576 U.S. at ___, 135 S. Ct at 2555-56, 2563. It did not affect the so-called "force clause" of that statute. *Dimaya* simply extended *Johnson* to also cover the residual clause of the definition of "crime of violence" found in 18 U.S.C. § 16(b). Section 924(c) uses an almost identically worded definition of "crime of violence." However, the Fourth Circuit in *United States v.*

*McNeal*, 818 F.3d 141 (4th Cir. 2016), already determined that armed bank robbery is a crime of violence under the "force clause" found in Section 924(c)(3)(A) and that it is, therefore, a "crime of violence" for the purposes of that Section. *McNeal*, 818 F.3d 152. This analysis remains valid after *Johnson*, *see United States v. Evans*, 848 F.3d 242, 247-48 (4th Cir. 2017), and precludes claims for relief under Section 2255 for persons such as Petitioner whose predicate offense for a Section 924(c) conviction is armed bank robbery. *United States v. Link*, 214 F. Supp. 3d 506, 517-18 (E.D. Va. 2016).

As for *Mathis*, that case is not retroactive on collateral review. *See United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (unpublished) (citing *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016), *Dimott v. United States*, Nos. 2:06-CR-26-GZS; 2:16-CV-347-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016), and *Blackwell v. United States*, No. 4:10-CR-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016)). The Supreme Court itself noted that the decision did not change prior law. *Mathis*, ___ U.S. at ___, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). In particular, *Mathis* did not change precedent decided by the Fourth Circuit. *See id.* at 2251 & n.1 (citing *Omargharib v. Holder*, 775 F.3d 192 (4th Cir. 2014), as falling on the side of a circuit split that prevailed in *Mathis*). Therefore, it has no possible effect on Petitioner's sentences or convictions. All of his claims for relief should be denied.

**IT IS THEREFORE ORDERED** that the stay entered in case 1:03CR242-1 is lifted.

**IT IS FURTHER ORDERED** that Petitioner's Letter Motion (1:03CR241-1, Docket Entry 143) and Motion for Continuance (1:03CR241-1, Docket Entry 151) are **DENIED**.

**IT IS THEREFORE RECOMMENDED** that the clerk's office administratively terminate Docket Entries 137, 139 and 141 in case number 1:03CR242-1 as incorrectly filed by the parties.

**IT IS FURTHER RECOMMENDED** that any claims Petitioner has raised as to case number 1:03CR242-1 be dismissed for lack of jurisdiction, that the Government's Motion to Dismiss (1:03CR241-1, Docket Entry 148) be **GRANTED**, that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (1:03CR241-1, Docket Entry 141) and Amended Motion (1:03CR241-1, Docket Entry 145), be **DENIED**, and that Judgment be entered dismissing this action, without issuance of a certificate of appealability.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

November 2, 2018
Durham, North Carolina